UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 09-76955

DEBRA HARRIS,  Chapter 7

                Debtor.  Judge Thomas J. Tucker
_____/

**ORDER DENYING THE DEBTOR'S MOTION TO REOPEN BANKRUPTCY CASE**

      On December 2, 2009, the Debtor filed a voluntary petition for relief under Chapter 7, commencing this case. On March 26, 2010, the Court entered an order granting the Debtor a discharge under 11 U.S.C. § 727 (Docket # 17), and the bankruptcy case was closed on March 29, 2010. More than 8 years later, on April 7, 2018, the Debtor filed a motion entitled "Motion to Reopen Bankruptcy Case" (Docket # 19, the "Motion"). The Motion seeks to reopen the case "for the sole purpose of" filing a reaffirmation agreement between the Debtor and Midland Mortgage (successor-in-interest to Citimortgage), regarding the Debtor's home mortgage loan. (*See* Mot. at ¶¶ 7, 15-16.)

      Under 11 U.S.C. § 524(c)(1), a reaffirmation agreement is not enforceable unless it "was made before the granting of the discharge under section 727." *See also In re Herrera*, 380 B.R. 446, 449-55 (Bankr. W.D. Texas 2007) and cases cited therein. A reaffirmation agreement must be in writing and signed by both the creditor and the debtor before it can be deemed to be made. *In re Hoffman*, __ B.R. __, No. 17–53108, 2018 WL 1412946, at *1 (Bankr. E.D. Mich. Jan. 29, 2018); *In re Jenerette*, 558 B.R. 189, 190-91 (Bankr. E.D. Mich. 2016). Because the Motion fails to demonstrate that a reaffirmation agreement was made (*i.e.*, signed by both the Debtor and the creditor Citimortgage or its successor-in-interest Midland Mortgage) before the discharge order was entered in this case,[1] the Debtor has failed to show that there can be an enforceable reaffirmation agreement between herself and the mortgage creditor.

      For this reason, the Debtor has failed to demonstrate that any purpose would be served by reopening this bankruptcy case. The Motion has not demonstrated any cause or other valid reason for reopening this case. *See* 11 U.S.C. § 350(b).

      Accordingly,

---

    [1] The Motion does not state that both the Debtor and Citimortgage signed a reaffirmation agreement before the Debtor received a discharge. The Motion states only that the mortgage creditor Citimortgage "failed to file the Reaffirmation Agreement for the Debtor's home mortgage" prior to the Debtor receiving a discharge. (*See* Mot. at ¶¶ 7-9.) At some point after the Debtor's discharge, the Motion says, "Citimortgage transferred the Debtor's mortgage to its current holder, Midland Mortgage." (*Id.* at ¶ 12.)

IT IS ORDERED that the Motion (Docket # 19) is denied.

Signed on April 10, 2018



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge